**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re: Case No: 15-31876-JKO

ENRIQUETA MORA Chapter 13

Debtor.
_________________________________/

**RESPONSE**
**IN OPPOSITION TO MOTION TO ENFORCE THE AUTOMATIC STAY & REQUEST FOR SANCTIONS**

COMES NOW, Creditor, KRIS ZAPARANIUK, by and through undersigned counsel, and files his Response in opposition to the Debtor's Motion to Enforce the Automatic Stay & Request for Sanctions, and in support there of states:

**FACTUAL BACKGROUND**

1. Prior the filing of the instant bankruptcy, Creditor contractor with Debtor to purchase a duplex located at 310 NW 57th Street, Oakland Park, FL for $235,000.00. The contract was fully executed on or about February 4, 2015.

2. Shortly after fully executing the contract for purchase and sale of the duplex, Debtor defaulted and refused to close. The Debtor got seller's remorse.

3. Creditor sent to Debtor written notice of Debtor's default and reiterated that Creditors was ready, willing, and able to close.

4. On November 25, 2016, Creditor filed a state court lawsuit for Specific Performance and Damages.

5. On December 7, 2015 Creditor recorded an Affidavit of Contract in the public records of Broward County, Florida, instrument #: 113386686.

6. Debtor ignored the written notice of default and state Court Complaint and filed for Chapter 13 bankruptcy protection on December 18, 2015.

7. Debtor's schedules indicated she intended to reject the purchase and sale contract with Creditor.

8. On March 9, 2016, Creditor filed his Proof of Claim attached the purchase and sale contract and Affidavit of Contract.

9. On March 10, 2016, Creditor filed his Objection to Confirmation.

10. On September 29, 2016, Debtor's plan was confirmed.

11. On March 9, 2017, Creditor voluntarily dismissed the state Court Complaint against the Debtor.

12. On March 27, 2017, Creditor filed the instant Motion for stay violation.

13. On March 28, 2017, the Debtor received her discharge.

**LEGAL ANALYSIS**

***(A) The executory contract was not explicitly rejected by the Trustee pursuant to 11 USC §365(a) and even if it was deemed rejected, the Creditor is entitled to a lien on the property under 11 USC §365(j).***

14. Under 11 USC §365(a), it is the Trustee, with the Court's approval, that must assume or reject any executory contract. A Debtor, acting on his or her own accord, cannot reject an executory contract. The Debtor never requested, nor did she receive, an explicit rejection of the executory contract with Creditor.

15. Moreover, if a Trustee rejects an executory contract for the purchase of real property, the rejected purchaser is entitled to a lien on the Debtor's interest in the property. *See*, 11 USC §365(j).

16. It is uncontroverted that, as a secured Creditor, Mr. Zaparaniuk was entitled to treatment of his claim pursuant to 11 USC §1325(a)(5) or stay relief upon confirmation.

17. In this case, Creditor proceeded in state Court upon receiving relief from the stay via the confirmation order. Such conduct is squarely within Creditors legal rights.

***(B) There was no "willful" violation of the automatic stay by Creditor***

18. "A willful violation simply requires [a creditor's] knowledge of the automatic stay and an intent to perform the actions which violated the automatic stay." *Credit Nation Lending Servs., LLC v. Nettles*, 489 B.R. 239, 247 (N.D.Ala.2013)

19. The Creditor in this case was proceeding in state court as a secured creditor – holding a lien on the property pursuant to 11 USC §365(j) after rejection of an executory contract – with stay relief pursuant to a confirmation order. The Creditor simply could not have had knowledge that an automatic stay was invoked as to his claim as he was proceeding as a secured creditor after confirmation.

20. Thus, there was no "willfulness" on the part of the Creditor and this element is unsatisfied.

***(C) The Debtor has sustained no damages***

21. Creditor, after being contact by Debtor's counsel regarding their belief that a stay violation occurred by proceeding in the state court action, voluntarily dismissed the state Court action in an abundance of caution. This should have ended all issues between the parties.

22. However, t*wo weeks after* the state court action was voluntarily dismissed, Debtor filed the instant Motion and request for sanctions. In other words, the Debtor filed a Motion to remedy an alleged stay violation after the alleged stay violation had already been remedied.

23. Even assuming *arguendo* that there was some technical stay violation, case law makes clear there that the Debtor must have real damages and direct harm. The Court, in *In re Hutchings*, 348 B.R. 847 (Bankr. N.D. Ala. 2006), stated it succinctly:

> The plain language of section 362(h) of the Bankruptcy Code explicitly requires, *as a prerequisite to maintaining such an action, that a debtor must have first been "injured" by the stay violation.* The section reads, "An individual injured by any willful violation of a stay provided by this section shall recover...." 11 U.S.C. § 362(h). The section also explicitly requires, as a prerequisite to such an action, that the creditors' actions caused the debtor to suffer damages which are "actual," that is damages that the debtor in fact incurred.
>
> In this case, neither of section 362(h)'s prerequisites were satisfied, at least prior to the time that Mr. Hutchings filed this adversary proceeding. Ocwen's stay violation did not result in any direct harm to Mr. Hutchings and did not directly cause him to suffer any damages, injuries, or loss. *All* of his alleged "damages" flowed strictly and directly from his own actions and efforts involved in prosecuting the present adversary proceeding.

24. The Debtor in this case has not been damaged and she received her discharge on May 27, 2017. Any attorneys fees incurred in prosecuting this alleged stay violation are unnecessary and could have easily have been avoided.

WHEREFORE, Creditor, KRIS ZAPARANIUK, requests entry of an Order denying the Debtor's Motion to Enforce the Automatic Stay and request for sanctions, and such other relief as the Court may deem just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via CM/ECF service on counsel for Debtor and all interested parties entitled to receive CM/ECF service.

.

Law Office of Trey E. Miller III, P.A.
Attorney for Creditor
1501 N.W. 49th Street, Suite 130
Ft. Lauderdale, FL 33309

Office (954) 981-9301
Fax (954) 368-5915

BY: /s/Trey E. Miller___________________
Trey E. Miller
Florida Bar No.: 0018675

**CERTIFICATE OF SERVICE**

The following parties were served via Electronic Mail on May 7, 2017:

Ricardo Corona, Esq. on behalf of Debtor Enriqueta Mora
bk@coronapa.com, bk1@coronapa.com

Amy M Kiser on behalf of Creditor Bank of America, N.A.
bankruptcy@gilbertgrouplaw.com

Trey E Miller, III on behalf of Creditor Kris Zaparaniuk
trey@treymillerlaw.com, beth@treymillerlaw.com

Wanda D Murray on behalf of Creditor Nationstar Mortgage LLC
ecfflsb@aldridgepite.com, wmurray@ecf.inforuptcy.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Robin R Weiner
ecf@ch13weiner.com;ecf2@ch13weiner.com

Respectfully Submitted,

Law Office of Trey E. Miller III, P.A.
Attorney for Creditor
1501 NW 49th Street, Suite 130
Fort Lauderdale, FL 33311
Telephone: (954) 981-9301
Facsimile: (954) 981-9131

BY: /s/ Trey E. Miller___________
Trey E. Miller
Florida Bar No.: 0018675